**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

DEMORION LITTLE,                           )
                                           )
        Plaintiff,                        )
                                           )
        v.                                )        Case No. 4:25-cv-01696-ACL
                                           )
ANGIE DANIS, et al.,                       )
                                           )
        Defendants.                       )

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on the motion of Plaintiff Demorion Little, an inmate at the Florence Federal Correctional Institution, for leave to commence this civil action without prepaying fees or costs. ECF No. 2. The Court will grant the motion and assess an initial partial filing fee of $1.00. Furthermore, after reviewing the pleadings in this matter, the Court will dismiss this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion to appoint counsel will be denied as moot. ECF No. 3.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require Plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

2

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

On November 3, 2023, Plaintiff pled guilty to two felony counts: conspiracy to distribute marijuana (count 1) and discharge of a firearm in furtherance of a drug trafficking conspiracy resulting in death (count 2). *United States v. Williams*, No. 4:21-CR-262-SEP-1, ECF No. 198 (E.D. Mo. April 21, 2021). He was sentenced to 240 months for count 1 and 180 months for count 2. *Id*. On appeal, the Eighth Circuit vacated the sentence for count 1 and remanded the case for resentencing. Defendant Angie Danis, representing the United States of America, recognized the error as to count 1, stating that the maximum imprisonment term was five years, rather than the 20 years imposed by the Court. *Id*., ECF No. 221. She filed a motion to vacate the guilty plea, set aside the plea agreement, and set the matter for trial. *Id*. Plaintiff's attorney argued that Plaintiff should be re-sentenced only on count one in accordance with the guilty plea for a maximum of five years. *Id*., ECF No. 235. This would not affect the 180-month sentence still in place for count 2. The case is set for a status conference on April 3, 2026.

3

**The Complaint**

Plaintiff Demorion Little, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. ECF No. 1. He names two defendants in this action: Angie Danis, an Assistant United States Attorney, and the United States Government. He sues Danis in her official capacity only.

Plaintiff argues his rights have been violated due to the illegal criminal sentence. *Id*. at 3. He states that he was illegally charged but was told by his attorneys that the Government had a right to charge him and "it would be fixed if they can't make the charges stick." *Id*. He says that once the attorneys involved realized the sentencing error, he demanded $1 million and immediate release. *Id*. at 4. This demand was rejected. *Id*. Plaintiff then contends that he was threatened with the death penalty if he did not accept a new plea deal. *Id*. He argues the Government is trying "to take back an illegal plea which would violate my 5th amendment right of double jeopardy when they should only correct my sentence." *Id*.

Plaintiff claims several injuries including mental anguish, emotional distress, and physiological harm. *Id*. He states he has spent over 6 months "of illegal time in federal prison," and has been hurt by staff during "a fight." *Id*. He states he has tried to kill himself due to the sentencing situation. *Id*. He requests $35 million for false imprisonment, prosecutorial misconduct, and perjury. *Id*. at 4.

**Discussion**

Plaintiff is a self-represented litigant currently incarcerated in federal prison who brings this civil action pursuant to 42 U.S.C. § 1983. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss Plaintiff's complaint.

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, the United States Supreme Court enforced a damages remedy to compensate persons injured by federal officers who violated the Fourth Amendment prohibition against unreasonable searches and seizures. 403 U.S. 389, 397 (1971). Subsequently, in two other cases, the Supreme Court approved of an implied damages remedy for the violation of the Fifth Amendment's due process clause, and the Eighth Amendment's prohibition on cruel and unusual punishment. *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1854-55 (2017). Thus, generally speaking, "[a] *Bivens* claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights." *Buford v. Runyon*, 160 F.3d 1199, 1203 n.6 (8th Cir. 1998).

"An action under *Bivens* is almost identical to an action under [42 U.S.C. §] 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). As such, claims under *Bivens* and claims under § 1983 involve the same analysis. *Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015). Furthermore, the body of case law regarding § 1983 applies to *Bivens* actions. *Id*.

Plaintiff brings this case against Defendant Danis in her official capacity only.[1] An official capacity *Bivens* suit is treated as being made against the United States. *See Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998). However, "[i]t is well settled that a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity." *Id*. *See also Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982) ("*Bivens* and its progeny does not waive sovereign immunity for actions against the United States; it implies a cause of action only against federal officials").

---

[1] It should be noted that federal prosecutors sued in their individual capacities are absolutely immune from suits for malicious prosecution. *Burns v. Reed*, 500 U.S. 478, 485 (1991).

"Sovereign immunity is jurisdictional in nature," and "shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). *See also Lors v. Dean*, 746 F.3d 857, 861 (8th Cir. 2014) (stating that "sovereign immunity is a jurisdictional threshold matter"). To sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000). *See also Great Rivers Habitat Alliance v. Federal Emergency Management Agency*, 615 F.3d 985, 988 (8th Cir. 2010) (explaining that the United States and its agencies enjoy "immunity from suit, absent a waiver"). Plaintiff has presented no such waiver in this case. For this reason, Plaintiff's allegations against the defendants are subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to commence this action without prepaying fees or costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, Plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel [ECF No. 3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's claims in this action are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

6

Dated this 13th day of March, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE